**JINGJI LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2718–ag.

United States Court of Appeals, Second Circuit.

March 7, 2008.

Jie Han, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Mary Jane Can-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as the respondent in this case.

daux, Assistant Director, Edward E. Wiggers, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jingji Liu, a native and citizen of China, seeks review of the May 24, 2007 order of the BIA affirming the September 9, 2005 decision of Immigration Judge ("IJ") Noel Brennan pretermitting Liu's application for asylum, and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jingji Liu*, No. A96 205 534 (B.I.A. May 24, 2007), *aff'g* No. A96 205 534 (Immig. Ct. N.Y. City Sept. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ As a preliminary matter, to the extent that Liu has not challenged the pretermission of her asylum application before this Court, or raised any argument regarding the denial of CAT relief, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly we review only Liu's challenge to the denial of her application for withholding of removal.

■ We conclude that the agency's adverse credibility determination was supported by substantial evidence. The IJ based her adverse credibility determination in part on her observation of Liu's demeanor while testifying. The IJ noted instances where Liu was unresponsive to the specific questions asked of her. We accord particular deference to such findings. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir.2006) (finding that the Court can be "more confident in [its] review of observations about an applicant's demeanor where ... they are supported by specific examples of inconsistent testimony"); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

The agency also noted a contradiction between Liu's statement in her asylum application that she had suffered two involuntary abortions, and her testimony, in which she described only one abortion, and never mentioned a second abortion at all. Rather, when asked what happened after her abortion, Liu stated, "[n]othing extraordinary happened." Contrary to Liu's assertion that this omission was "not material," the agency could reasonably conclude that it was a dramatic inconsistency that went to the heart of her claim. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). As such, the IJ did not err by failing to ask specifically why Liu had omitted any mention of the second alleged abortion. *See Majidi*, 430 F.3d at 81.

The IJ further found that Liu's testimony was internally inconsistent where she

first testified that she resigned from her job voluntarily, but later stated that she lost her job. Moreover, whereas Liu initially stated that the abortion occurred in July 2003, later in her testimony and in her asylum application she indicated that the date was July 2000.

Together, these discrepancies provide substantial evidence in support of the agency's adverse credibility finding. Moreover, while Liu attempted to provide explanations for these inconsistencies, including that she was "tense" and "confused," no reasonable fact-finder would have been compelled to accept them. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Accordingly, the agency properly relied on these discrepancies where they were substantial when measured against the record as a whole. *Secaida–Rosales,* 331 F.3d at 308–09. Indeed, they call into question whether Liu ever experienced mistreatment, particularly an involuntary abortion, and therefore whether her fear of persecution is reasonable. *See Zhou Yun Zhang,* 386 F.3d at 74.

▮ While the IJ observed other more minor inconsistencies, as well as Liu's lack of corroboration, we need not reach these findings because the proper findings identified above were sufficient to support the overall adverse credibility determination. Because Liu failed to establish past persecution due to her incredible testimony, she was not entitled to the presumption of a likelihood of persecution. *See* 8 C.F.R. § 1208.16(b)(1). Furthermore, because the only evidence of a threat to Liu's life or freedom depended on her credibility, the agency's denial of with-

holding of removal was proper. *Wu Biao Chen,* 344 F.3d at 275.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.